0-10368 United States v. Barrera The maximum sentence that could be imposed in this case is 10 years, and that's for two reasons. First, because following Borden, 273.5 is not a violent felony, and second, because a jury did not find and Barrera did not admit that the conduct underlying his three convictions occurred on three separate occasions. How does Borden help you? Borden, so if we get to the definition of a violent felony, so if we look at what the dissent was arguing in Borden, dissent was arguing that intentional conduct that endangers another should be sufficient, but the five justices that prevailed said no. The elements of this clause is much narrower. It looks at whether an individual's conduct was designed to harm another. And so Borden — Borden really was — right, it was struggling with reckless conduct. And in this case, we have other authority talking about, you know, purposeful, willful conduct. So that's my — just to be — to focus you, that's my problem. Sure. So it's willful with respect to the intent to engage in the conduct, but the — that then results in a harm. And that's exactly — Borden talks about — forgive me for interrupting, but I think, then, if I'm understanding you correctly, Borden — and we're very familiar with Borden at this point. So you're relying on the part of Borden that talks about whether the force was directed at or intended to, aimed at? I don't think that language — I agree with Justice Kavanaugh. That's really linguistic gymnastics at that point, because that language doesn't mean much, because any time — What is your argument? So my argument is actually looking at the substance of Borden, which specifically says that, at 1823, that an individual must make a deliberate choice to act with full awareness of the consequent harm. Not the risk, but the consequent harm. So if you look at Walker, Walker explicitly rejected the proposition that Borden set down, which is that the Elements Clause requires an intent to harm another. Walker specifically rejected that. In fact, Walker is substantively identical to the decision that the Borden court overturned. The Sixth Circuit decision relied on its prior decision in Verweeby, which said that if you have intentional conduct, willful conduct, that results in harm to another, that is the beginning and end of the analysis. That is exactly what Walker did and the cases that Walker relied on. But you've got a different problem, though, counsel, because we have Walker, right, and we've got this Miller v. Gammey hurdle, right, that you're very, very familiar with. And you have to convince us, I think, unless I'm really misunderstanding your argument, that Borden really, right, inevitably, irreconcilably — Absolutely is irreconcilable. If you look at Walker at page 579, it specifically says that we reject the notion that the Elements Clause requires an intent to harm the victim. And Borden says specifically the Elements Clause requires an intent to harm the victim. And it cites to United States v. Gibson for that proposition. It's both purpose and knowing the actual harm. So the example is the individual who's driving their car, sees the person in front of them, and keeps plowing ahead with 100 percent certainty, basically, that they're going to hit that person. That's intent. That's what both the plurality and Justice Thomas said. It's conduct that is designed to harm another. That is the absolute furthest way possible from what 273 punishes. It only punishes willful intent that result — willful conduct that results in harm to another. That is the dissent in Borden. As opposed to intending the harm, is your point? That's absolutely. And that is what Borden says. It is 100 percent irreconcilable with Walker. Walker explicitly says intent to harm is not an element of the Elements Clause. Thank you. You've answered my question. Did I interrupt you? No. Okay. Okay. Go right ahead. Okay. So — so — That's the Borden question. That's — that's the Borden question. And I can certainly keep talking about Borden. But basically, an individual who is sort of grabbing a cell phone or grabbing a baby or grabbing someone's arm because they think they're going to help them but, in fact, hurt them, that is intentional conduct that results in harm to another. That is exactly what the Borden said, Court. So you've answered that question. Do you want to go on to your Mathis argument? Sure. Okay. Sure. Absolutely. So I think the law here is very clear and very simple. If you look at Mathis, specifically at page 2255, an ACCA penalty can be premised only on what a jury necessarily found or what a defendant necessarily admitted.  So then Wooden comes along. Wooden blows Walker out of the water in terms of the occasions analysis. It's not dates of conviction. We're looking at the manner in which an offense was committed. And that is exactly what Mathis explicitly says a district court cannot do. It cannot look at the manner in which an offense was committed and make factual findings in the first instance that were never found by a jury beyond a reasonable doubt to then use that as a basis for imposing a sentence that's in excess of the statutory maximum. Just to follow up on that point, put Wooden off to the side for a second. Has any court agreed with this interpretation of Mathis? I mean, I know there's been some separate writings, concurrences and dissents that I think you cited. Has any circuit court basically adopted a position that's different from our existing precedent? Well, this court is unique in that it's focused the inquiry just on dates of conviction. And so that's why Wooden Is that different than the Sixth and the Eleventh? The Sixth and the Eleventh have gone sort of broader and come up with broader tests, which are sort of more similar to what Wooden talked about. But this court, and specifically Walker, was focused, and Greisel, was focused simply on dates of conviction. And so this court is primed at this point to actually take the test that Wooden, the analysis that Wooden says that must be done, which is we look at the manner in which the offense was committed, not elements, not dates of conviction, and to do that analysis. This court will be the first one to actually be able to look at the Wooden test and do exactly what Wooden, basically the justices, I think, previewed. There's a problem here with respect to, it's clear, from Shepard, Mathis, Dekamps, and Apprende. All of them say the reason why we looked at the fact of a conviction is because we're looking at elements that were necessarily found by a jury beyond a reasonable doubt with the requisite procedural safeguards. You don't have that with non-elemental facts. I think, once again, there's a sort of circuit precedent overhang on this one. But just on the, if we put that to the side, just so I can understand just your position on the underlying merits. Is there a difference between finding just the dates of the conviction and finding something, what I'll say, more substantive about the conviction? Because I think the argument against you here is, whatever may be the import of Apprende and Mathis in this context, when it comes to just the bare dates of a conviction for convictions that seem to have been separated by many months, it's not clear that there's judicial fact-finding in the way that Mathis prohibits. Yes, Your Honor. You can't tell from looking at dates of conviction, I think Wooden makes that clear, from when conduct was committed, particularly in the context of 273.5, where the State can dismiss. So they can have a case where, say, someone is attacking a girlfriend, and then a brother intervenes. One's a cooperating witness, one isn't. They initially proceed against both, then dismiss against the other and refile. So you could have convictions that are years apart, but from conduct that occurred at exactly the same occasion, which is why you need to engage in a multi-factor test. And you can't, the dates of conviction are completely irrelevant to that analysis. You're well under two minutes. Did you want to reserve? Sure, I will reserve. Thank you, Your Honor. You bet. We'll put, just for planning purposes, we'll put two minutes on the clock when you come back. You bet. May it please the Court, Joe Barton for the United States. The appellant, Mr. Barrera's argument here is arguing that this court was wrong two years ago in Walker when it decided two things. One, that Section 273.5 is a violent felony under the ACCA, and two, that a sentencing judge can determine whether the prior convictions occurred on occasions different from one another. But the appellant has not pointed to any contrary authority, as is required, to overturn Walker. The appellant hasn't even pointed to any authority that casts doubt on Walker. Well, you heard opposing counsel's argument regarding Borden. Yes, Your Honor. Can you respond to that? Certainly, Your Honor. The defendant attempts to add on to Borden and go beyond what Borden said. Importantly, Borden was deciding the intent required for a violent felony under the ACCA. And the question was, is the reckless use of force enough, or is something more required? The court came down and said, something more is required. I think opposing counsel is correctly citing Borden. My concern has to do with whether she's relying on dicta as opposed to the holding of Borden. But it seems like you might be making a different argument. I think she's relying on dicta in Borden and, to the extent, using the dissent. I believe the holding of Borden says that you must use knowledge or purposeful force and aim it at a victim. What I believe Appellant is saying is that you also have to subjectively intend the resulting harm. And it's that second step that Borden didn't say that. That's not what Borden says. Could you speak to counsel's argument regarding Mathis and whether we can look at, this is what Judge Bress was just following up on, regarding dates of conviction. You know, so Mathis talks about peaking to you shorthand. So it's one thing if we're going to look at dates of conviction. And opposing counsel, I think, articulated very clearly what the problem with that might be. As opposed to looking at charging documents, Shepherd-compliant documents for conduct. Could you speak to that? What are we allowed to, what was the district court allowed to look at? Certainly, Your Honor. With Mathis's concern was that the sentencing judge would get into the specifics of a crime and consider those. And that's why Mathis says the inquiry's got to be limited to the elemental facts of the crime. Right. And here, it's been, since Apprendi, it's been held that the fact of a prior conviction is permissible for a sentencing judge to find. It does not get into the elemental facts of the crime. The date of when an offense occurred is not an element of a crime, Your Honor. And that would be. That's her point. Correct. Yes. And that's the point. That's the. So doesn't that mean that that, the date the crime occurred, falls out of Almendora's-Torres's exception to Apprendi? No, Your Honor. I don't believe it. It is an exception to Apprendi that you, the court may find that the date of a prior conviction, you know, it does not violate the Apprendi law. You're just saying the fact of a prior conviction and the date of a prior conviction, there's not enough daylight in there between those two things. Correct, Your Honor. That's what I'm saying. And I'm saying that Grissel found that by this court. This court found that, that the date of conviction is fine as long as it's plain on the documents. And then that goes into Walker. Tell me about the date of the conviction or the date of the offense. The date of the conviction, date of the offense. Those are two really different things. Correct, Your Honor. Not unusual, right? Not unusual. Whether it even be serial offenses or what have you, where more than one charge is taken care of on one day. And there's one date of conviction for offenses that may have been significantly committed on very significantly different dates. So now you have me worried that you're treating those as one and the same. No, Your Honor, I'm not. Can you back up and answer Judge Feinemann's question then about what are you talking about? Are you talking about dates of conviction or dates of offense? Date of offense, Your Honor. The date of offense. And I believe that's what Walker gets into. Walker says that the sentencing judge may find that the date of offense, meaning the offenses were committed on occasions different from. Okay, so this is what I was trying to ask earlier. It's one thing to look at the fact of a prior conviction, right? The conviction of record, and quite another to look at a charging document. And what does Mathis allow the district court to consider when it looks at Shepard-compliant documents? How far can that court go? The court, I believe it's got to be on the face of the document. You have to see on the face of the Shepard-compliant document, you can see that an offense was committed on a different occasion. But I would also argue that you can, in this case, you have three prior convictions, two in 2010, and the certified minute order show that the underlying offenses were committed on different dates. The offense is charged. And then if you take that combination with the third offense in 2015, you have a change of plea form that shows the conviction for that case occurred five years later. I think it's a combination of those factors the court can use. Those are all clear on the face of Shepard-compliant documents to confirm that these offenses occurred on occasions different than one another. There is sufficient temporal proximity. Your argument strikes me as a slippery slope. It may be that your argument boils down to, you know, this isn't the right case, that there isn't a problem here. But just that's, I just give you that feedback. Judge Spess. Thank you. I mean, we've already dealt with this, obviously, in Walker and Grisel. And so then I'm asking, what has changed since then? The opposing counsel says, wouldn't. So can you respond on that point? Yes, Your Honor. The government disagrees. Wouldn't has changed nothing in this regard. The holding of wouldn't is that there is a multi-factor analysis to determine whether the offenses occurred on different occasions. But the court signifies that one factor can generally carry the day, such as a distinct time or place. And that's going to be the majority of cases. It's only in the close call cases, such as the facts presented in wouldn't, where you had a crime spree that occurred over a few hours. But does wouldn't say anything about this Mathis issue? No, it does not, Your Honor. Specifically, it says that it's not getting to that issue. Anything further? No, Your Honor. Nothing. Thank you. Thank you for your argument. I thought I saw you leaning forward. I think after all these months of Zoom, I'm over-reading body language now that you're actually in the room with me. Go right ahead, counsel. Sure. The government just conceded that the Occasions Clause looks at facts beyond the elements of conviction. It looks at the time, place, where, when, how an offense was committed. That is the manner in which the offense committed. That is exactly what Mathis said a judge cannot do in the first instance. And Shepard, if we look at Shepard, it's not about looking at facts about a conviction. It's not scouring the record to find non-elemental facts. The purpose of Shepard is to find the actual crime of conviction and the elements. So how far can that go? Could you tease that out a little bit? Is it your position that the charging document is not at Shepard as opposed to the record of conviction? Is the charging document a Shepard-compliant document? The charging document is a Shepard-compliant document. The question is what do we do with that document? Exactly. So that's a yes. Yes. And you're, I mean, just to sort of play this out and make sure we have clear communication, your argument is not that there's a problem looking at the charging document. Right. But what does one do with it? And you think that the district court crosses the line when the district court looks to the dates of the offenses were allegedly committed. Is that it? Well, actually, in this case, we don't even have that because we don't even have three judgments. So we don't even have that record. So you couldn't even do it on this record. The question is? The answer, well, the district court didn't do it because it didn't have it. But no, a district court cannot look beyond the elements of the offense of conviction. The answer to my question is yes. If I understand you right. You can look at the charging document, but you can look at it for only certain things. That's correct, Your Honor. And one of those things is not the date of the offense. No, unless it's an element of the offense that was found beyond a reasonable doubt because only a jury acting on proof beyond a reasonable doubt can take away our liberty. And with respect to the issue with Borden, the holding is, if we look at Justice Thomas, it is conduct that is designed to harm another. And if you look at the example Justice Kavanaugh provides, his example is almost identical to the Williams case. In both cases, an individual is doing a warning shot. In Kavanaugh's hypothetical, it's at a house. In Williams, it's at a car. Both individuals don't intend to harm anybody, but a reasonable person would think that's really stupid, dangerous conduct and you're going to be guilty of violating 273.5. And Kavanaugh's argument is that no longer qualifies under Borden, under the plurality. That's not a crime of violence. And I think where we get tripped up is California is very archaic in its statute. It doesn't use the words reckless and knowledge and purpose. It uses terms that are archaic. So when we have Fernandez Ruiz and we have a statute that literally says reckless, it's easy. But here, it's more complicated because we actually have to look at what the Supreme Court is doing. And when you honestly don't have to believe your conduct would harm another, you have not committed a violent felony. Didn't Walker hold that this statute does require that the defendant willfully inflict injury upon another? It's intent to harm another that results in harm. If you look at the cases, it's relying on Lorena Llano, Buenos Ion, and Ayala Nicanor. Because a person cannot be convicted without the intentional use of physical force, 273.5 categorically falls within its scope. What do I do with this language in Walker? We therefore emphasized in Lorena Llano how 273.5 punishes a person who willfully inflicts injury upon a cohabitant where willfully is a synonym for intentionally. Right. So if you look at the cases that Walker's relying on, you can see exactly what I'm saying. It's intentional conduct that results in harm to another. Walker didn't even look at the California Supreme Court, didn't even wrestle with what we're talking about because it didn't believe that was an issue. It thought all that mattered was intentional conduct that resulted in harm. So it didn't get to Williams. It seems like you're arguing Walker's wrong. And I'm trying to figure out what does Walker say? Is Walker's analysis on all fours? Does Walker do the analysis that Borden directs? No. Walker, if you look at the Sixth Circuit decision that was overturned, that is Walker. That case, exactly like Walker said, we've got intentional conduct that results in harm to another. That is exactly what the dissent argued, and that was the case that was overturned in Borden, and that is Walker. So Walker specifically explicitly says we don't believe intent to harm another is part of the Elements Clause. Borden 100% says exactly the opposite. Counsel, you are way over your time. Okay. If you could just wrap up, please. Yes. Yes, I'm done. My fault, not yours. I would just say that the District Court judge here is correct. This 15-year sentence is utterly absurd in this case. It's also illegal, and it's unconstitutional. And this Court should remand so that he can be sentenced within the statutory maximum that's authorized by Congress. Thank you, Your Honor. Thank you both for your excellent arguments and briefings. Very, very helpful. We'll submit that case.
judges: CHRISTEN, BRESS, Feinerman